John B. Sganga, Jr. (CSB # 116,211)
jsganga@kmob.com
Karen Vogel Weil (CSB # 145,066)
kweil@kmob.com
Jon W. Gurka (CSB # 187,964)
jgurka@kmob.com
David G. Jankowski (CSB # 205,634)
djankowski@kmob.com
Marko R. Zoretic (CSB # 233,952)
mzoretic@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone:  (949) 760-0404
Facsimile:   (949) 760-9502

Attorneys for Plaintiff
KRUSE TECHNOLOGY PARTNERSHIP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRUSE TECHNOLOGY PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER AG; MERCEDES-BENZ USA, LLC; DETROIT DIESEL CORPORATION; WESTERN STAR TRUCK SALES, INC.; VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC., d/b/a AUDI OF AMERICA, INC.; CUMMINS INC.; CHRYSLER GROUP LLC,; and DAIMLER TRUCKS NORTH AMERICA LLC,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Civil Action No.<br>SACV 10-1066 JVS (RNBx)<br><br>**KRUSE TECHNOLOGY PARTNERSHIP'S ANSWER TO CHRYSLER GROUP LLC'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. James V. Selna |

Pursuant to Rules 7(a)(3), 8, and 12 of the Federal Rules of Civil Procedure, Plaintiff/Counterdefendant Kruse Technology Partnership ("Kruse") hereby answers Chrysler Group LLC's ("Chrysler") Counterclaims to Plaintiff's Complaint for Patent Infringement of U.S. Patent Nos. 5,265,562, 6,058,904, and 6,405,704. The numbered paragraphs of this Answer correspond to the numbered paragraphs of Chrysler's Answer and Counterclaims.

**KRUSE'S RESPONSES TO THE ALLEGATIONS IN CHRYSLER'S ANSWER INCORPORATED IN CHRYSLER'S COUNTERCLAIMS**

38. Kruse denies the allegations in Paragraph 38 of Chrysler's Answer.

39. Kruse denies the allegations in Paragraph 39 of Chrysler's Answer.

40. Kruse denies the allegations in Paragraph 40 of Chrysler's Answer.

41. Kruse denies the allegations in Paragraph 41 of Chrysler's Answer.

42. Kruse denies the allegations in Paragraph 42 of Chrysler's Answer.

43. Kruse denies the allegations in Paragraph 43 of Chrysler's Answer.

44. In response to the allegations in Paragraph 44 of Chrysler's Answer, Kruse admits that U.S. Patent No. 4,050,420 ("Cataldo") on its face bears the title "Constant Pressure-Temperature Delayed Combustion High Compression Ratio Engine and Method" and an issue date of September 27, 1977. Except as specifically admitted, Kruse denies the allegations in Paragraph 44 of Chrysler's Answer.

45. In response to the allegations in Paragraph 45 of Chrysler's Answer, Kruse admits that Column 1, lines 38–42 of Cataldo includes the statement: "The present invention provides a method of operating an internal combustion engine on a new engine cycle and means for obtaining such operation so as to provide a desirable combination of high efficiency and low emissions." Except as specifically admitted, Kruse denies the allegations in Paragraph 45 of Chrysler's Answer.

/ / /

46. In response to the allegations in Paragraph 46 of Chrysler's Answer, Kruse admits that Column 1, lines 42–46 of Cataldo includes the statement: "The novel operating cycle involves unusually high compression of a lean air-fuel mixture of appropriate octane rating followed by combustion and burning in two steps of constant pressure and constant temperature combustion during expansion." Except as specifically admitted, Kruse denies the allegations in Paragraph 46 of Chrysler's Answer.

47. In response to the allegations in Paragraph 47 of Chrysler's Answer, Kruse admits that Column 4, lines 10–18 of Cataldo includes the statement:

> It is apparent that this thermodynamic cycle has the ability to limit peak temperatures to a greater extent than the Otto cycle, while operating with the same lean air-fuel ratios, due to controlled burning during the expansion cycle, rather than application of the Otto cycle's approximately constant volume combustion process. Thus, oxides of nitrogen emissions should be directly controllable by selection of the maximum combustion temperature.

Except as specifically admitted, Kruse denies the allegations in Paragraph 47 of Chrysler's Answer.

48. Kruse admits that Paragraph 48 of Chrysler's Answer reproduces Figure 3 of Cataldo. Except as specifically admitted, Kruse denies the allegations in Paragraph 48 of Chrysler's Answer.

49. Kruse admits that Paragraph 49 of Chrysler's Answer reproduces FIG. 4(c) of the '562 patent. Except as specifically admitted, Kruse denies the allegations in Paragraph 49 of Chrysler's Answer.

50. Kruse denies the allegations in Paragraph 50 of Chrysler's Answer.

51. Kruse admits the allegations in Paragraph 51 of Chrysler's Answer.

52. Kruse denies the allegations in Paragraph 52 of Chrysler's Answer.

1  53. In response to the allegations in Paragraph 53 of Chrysler's Answer, Kruse admits that Mr. Louis A. Mok, attorney for Mr. Douglas C. Kruse, submitted to the PTO a response bearing a date of March 12, 1993, which stated, among other things: "Nestorovic nowhere discloses or suggests a heat input phase including a substantially isothermal combustion process." Kruse further admits that U.S. Patent No. 4,050,420 issued to Cataldo was not submitted to the PTO during the prosecution of the application leading to the '562 Patent. Except as specifically admitted, Kruse denies the allegations in Paragraph 53 of Chrysler's Answer.

54. In response to the allegations in Paragraph 54 of Chrysler's Answer, Kruse admits that U.S. Patent No. 4,050,420 issued to Cataldo was not submitted to the PTO during the prosecution of the application leading to the '904 Patent. Except as specifically admitted, Kruse denies the allegations in Paragraph 54 of Chrysler's Answer.

55. In response to the allegations in Paragraph 55 of Chrysler's Answer, Kruse admits that U.S. Patent No. 4,050,420 issued to Cataldo was not submitted to the PTO during the prosecution of the application leading to the '704 Patent. Except as specifically admitted, Kruse denies the allegations in Paragraph 55 of Chrysler's Answer.

56. Kruse denies the allegations in Paragraph 56 of Chrysler's Answer.

57. Kruse denies the allegations in Paragraph 57 of Chrysler's Answer.

58. Kruse admits the allegations in Paragraph 58 of Chrysler's Answer.

59. In response to the allegations in Paragraph 59 of Chrysler's Answer, Kruse admits that Claims 1–8 as filed in International Application No. PCT/US93/06998 ("the '998 PCT Application") presented the same language as Claims 1–8 as filed in U.S. Patent Application No. 07/919,916. Except as specifically admitted, Kruse denies the allegations in Paragraph 59 of Chrysler's Answer.

60. In response to the allegations in Paragraph 60 of Chrysler's Answer, Kruse admits that the International Searching Authority issued an International Search Report ("ISR") in connection with the '998 PCT Application, and that the ISR on its face bears a date of October 15, 1993. Kruse further admits that the issue date indicated on the face of the '562 patent is November 30, 1993. Except as specifically admitted, Kruse denies the allegations in Paragraph 60 of Chrysler's Answer.

61. In response to the allegations in Paragraph 61 of Chrysler's Answer, Kruse admits that the ISR included section "III. DOCUMENTS CONSIDERED TO BE RELEVANT" listing three documents in connection with certain claims of the '998 PCT Application. Kruse further admits that the ISR listed two documents as being in category "Y" with respect to Claim 1 of the '998 PCT Application. Kruse further admits that the ISR stated:

> "Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.

Except as specifically admitted, Kruse denies the allegations in Paragraph 61 of Chrysler's Answer.

62. Kruse admits that "DE,A,2, 507 142 (PORSCHE)" ("Porsche") is cited in Section III of the ISR as being in category "Y" with respect to Claim 1 of the '998 PCT Application. Kruse further admits that Porsche on its face states "Anmelder: Dr.-Ing.h.c. F. Porsche AG, 7000 Stuttgart." Except as specifically admitted, Kruse denies the allegations in Paragraph 62 of Chrysler's Answer.

63. In response to the allegations in Paragraph 63 of Chrysler's Answer, Kruse admits that "DE,A,2 507 142 (PORSCHE)" ("Porsche") on its

-4-

1  face bears a date of September 2, 1976.  Except as specifically admitted, Kruse
2  denies the allegations in Paragraph 63 of Chrysler's Answer.

3        64.    Kruse denies the allegations in Paragraph 64 of Chrysler's Answer.

4        65.    Kruse denies the allegations in Paragraph 65 of Chrysler's Answer.

5        66.    Kruse denies the allegations in Paragraph 66 of Chrysler's Answer.

6        67.    Kruse denies the allegations in Paragraph 67 of Chrysler's Answer.

7        68.    Kruse denies the allegations in Paragraph 68 of Chrysler's Answer.

8        69.    In response to the allegations in Paragraph 69 of Chrysler's
9  Answer, Kruse admits that, in connection with European Application No.
10 93918378.6 ("the European Application"), the European Patent Office issued a
11 document, which on its face bears a date of February 23, 1996, and which states,
12 among other things, "[t]he application lacks novelty within the meaning of
13 Articles 52(1) and 54 EPC."  Except as specifically admitted, Kruse denies the
14 allegations in Paragraph 69 of Chrysler's Answer.

15       70.    In response to the allegations in Paragraph 70 of Chrysler's
16 Answer, Kruse admits that, in connection with the European Application, Mr.
17 Roger Prutton sent a communication to the EPO dated August 28, 1996 that
18 states in part:

19       As regards the cited document DE-A-2507142, it is not considered
20       that it is clearly stated in that document what type of engine is
21       referred to.  Claims 1 and 12 of the present application are quite
22       specific as to the type of engine which is covered.  Furthermore,
23       the description of the process involved in DE-A-2507142 is
24       extremely sketchy and it is extremely difficult to derive any clear
25       teaching from it.  For example the description and Claim 1 of DE-
26       A-2507142 both appear to imply that combustion continues
27       throughout the expansion stroke – the whole of which seems to be
28       an isothermal process.

Except as specifically admitted, Kruse denies the allegations in Paragraph 70 of Chrysler's Answer.

71. In response to the allegations in Paragraph 71 of Chrysler's Answer, Kruse admits that, in connection with the European Application, the European Patent Office issued a document, which on its face bears a date of December 18, 1996, and which states, among other things, "the present application does not meet the requirements of Article 52(1) EPC because the subject-matter of at least Claim 1 is not new in the sense of Article 54(1) and (2) EPC." Except as specifically admitted, Kruse denies the allegations in Paragraph 71 of Chrysler's Answer.

72. Kruse denies the allegations in Paragraph 72 of Chrysler's Answer.

73. Kruse denies the allegations in Paragraph 73 of Chrysler's Answer.

74. Kruse denies the allegations in Paragraph 74 of Chrysler's Answer.

75. Kruse denies the allegations in Paragraph 75 of Chrysler's Answer.

**KRUSE'S RESPONSES TO CHRYSLER'S COUNTERCLAIMS**

**THE PARTIES**

76. Kruse admits the allegations in Paragraph 76 of Chrysler's Counterclaims.

77. Kruse admits Kruse is a California limited partnership located at 1121 N. Cosby Way, Suite G, Anaheim, California 92806.

**JURISDICTION AND VENUE**

78. Kruse admits the allegations in Paragraph 78 of Chrysler's Counterclaims.

79. Kruse admits the allegations in Paragraph 79 of Chrysler's Counterclaims.

80. Kruse admits the allegations in Paragraph 80 of Chrysler's Counterclaims.

81. Kruse admits the allegations in Paragraph 81 of Chrysler's Counterclaims.

82. Kruse admits the allegations in Paragraph 82 of Chrysler's Counterclaims.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

83. In response to Paragraph 83 of Chrysler's Counterclaims, Kruse incorporates its responses to the allegations in Paragraphs 38–82 of Chrysler's Answer and Counterclaims as if fully set forth herein. As to Chrysler's responses in Paragraphs 1–37 of Chrysler's Answer and Counterclaims, no response is required because Kruse's Complaint states Kruse's allegations on these matters.

84. Kruse denies the allegations in Paragraph 84 of Chrysler's Counterclaims.

85. Kruse denies the allegations in Paragraph 85 of Chrysler's Counterclaims.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity)

86. In response to Paragraph 86 of Chrysler's Counterclaims, Kruse incorporates its responses to the allegations in Paragraphs 38–85 of Chrysler's Answer and Counterclaims as if fully set forth herein. As to Chrysler's responses in Paragraphs 1–37 of Chrysler's Answer and Counterclaims, no response is required because Kruse's Complaint states Kruse's allegations on these matters.

87. Kruse denies the allegations in Paragraph 87 of Chrysler's Counterclaims.

88. Kruse denies the allegations in Paragraph 88 of Chrysler's Counterclaims.

## THIRD COUNTERCLAIM

### (Declaration of Inequitable Conduct)

89. In response to Paragraph 89 of Chrysler's Counterclaims, Kruse incorporates its responses to the allegations in Paragraphs 38–88 of Chrysler's Answer and Counterclaims as if fully set forth herein. As to Chrysler's responses in Paragraphs 1–37 of Chrysler's Answer and Counterclaims, no response is required because Kruse's Complaint states Kruse's allegations on these matters.

90. Kruse denies the allegations in Paragraph 90 of Chrysler's Counterclaims.

91. Kruse denies the allegations in Paragraph 91 of Chrysler's Counterclaims.

92. Kruse denies the allegations in Paragraph 92 of Chrysler's Counterclaims.

## **RESPONSE TO PRAYER FOR RELIEF**

Chrysler's Prayer for relief does not state any allegations for which a responsive pleading is required. To the extent it does state such an allegation, Kruse denies that Chrysler is entitled to any relief and denies any allegations in Chrysler's Prayer for Relief for which a responsive pleading is required.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 4, 2010

By: */s/ Marko R. Zoretic*
John B. Sganga, Jr.
Karen Vogel Weil
Jon W. Gurka
David G. Jankowski
Marko R. Zoretic

Attorneys for Plaintiff
KRUSE TECHNOLOGY PARTNERSHIP

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff/Counterdefendant Kruse Technology Partnership demands a jury trial on all issues triable by a jury raised in Chrysler Group LLC's Counterclaims.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 4, 2010      By: /s/ Marko R. Zoretic
John B. Sganga, Jr.
Karen Vogel Weil
Jon W. Gurka
David G. Jankowski
Marko R. Zoretic

Attorneys for Plaintiff
KRUSE TECHNOLOGY PARTNERSHIP

9878167