1  John B. Sganga, Jr. (CSB # 116,211)
   jsganga@kmob.com
2  Karen Vogel Weil (CSB # 145,066)
   kweil@kmob.com
3  Jon W. Gurka (CSB # 187,964)
   jgurka@kmob.com
4  David G. Jankowski (CSB # 205,634)
   djankowski@kmob.com
5  Marko R. Zoretic (CSB # 233,952)
   mzoretic@kmob.com
6  KNOBBE, MARTENS, OLSON & BEAR, LLP
7  2040 Main Street, Fourteenth Floor
   Irvine, CA 92614
8  Telephone:  (949) 760-0404
   Facsimile:  (949) 760-9502
9

10 Attorneys for Plaintiff
   KRUSE TECHNOLOGY PARTNERSHIP
11

12 [SEE SIGNATURE PAGE FOR A COMPLETE
   LISTING OF COUNSEL FOR DEFENDANTS]
13

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRUSE TECHNOLOGY PARTNERSHIP, | Civil Action No. SACV 10-1066 JVS (RNBx) |
| Plaintiff, | |
| v. | ***REVISED*** [PROPOSED] **STIPULATED PROTECTIVE ORDER** |
| DAIMLER AG; MERCEDES-BENZ USA, LLC; DETROIT DIESEL CORPORATION; WESTERN STAR TRUCK SALES, INC.; VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC., d/b/a AUDI OF AMERICA, INC.; CUMMINS INC.; CHRYSLER GROUP LLC; and DAIMLER TRUCKS NORTH AMERICA, LLC, | Magistrate Judge Robert N. Block |
| Defendants. | |

The above-captioned patent infringement action is likely to involve discovery of documents and testimony containing trade secrets and other confidential research, development, and commercial information of the parties to this Action and third parties who may be subpoenaed to provide deposition testimony and documents, including confidential and commercially sensitive information relating to business strategies, manufacturing and distribution capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party.  This Order is necessary to protect the legitimate business interests of the disclosing parties in such information, and good cause exists for the entry of this Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, in the course of these proceedings, any party or non-party has the occasion to disclose information deemed in good faith to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties to this Action.

## **SCOPE**

1.    This Protective Order shall apply to all documents, depositions, pleadings, exhibits, and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure hereafter furnished, directly or indirectly, by or on

behalf of any party, non-party or witness in connection with this Action, including material and information produced in this Action pursuant to mandatory disclosure provisions and supplementary disclosure requirements of any Federal Rule or Local Rule of this Court ("Discovery Material").

2.     As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information covered by this Protective Order.

## DESIGNATION

3.     Any Producing Party may designate Discovery Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," in accordance with this Protective Order.  The burden of establishing that Discovery Material is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION as defined herein shall be on the Producing Party.   The designation of any Discovery Material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.  Before a non-party's production of Discovery Material in this Action, the non-party shall be notified that it may designate any such information as confidential in accordance with this Protective Order.

4.     Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL INFORMATION: (i) internal development and/or technical communications that are not publicly available and that are not expressly contained in public information; (ii) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office; and (iii)

sensitive financial, business, or commercial information that is not publicly available and that is not expressly contained in public information.

5.    Discovery Material that is CONFIDENTIAL INFORMATION may be designated as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION when it is: (i) proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information (including, without limitation, source code, trade secrets, and other technical documents); (ii) information that has been maintained by the producing party as confidential and discloses, or is sufficient to discern, the producing party's sales volume, sales units, prices, price structures, discounts, costs, profits, margins, technical documents, marketing strategies, competitive business plans, and the identity of customers; or (iii) information, which if disclosed, would likely harm the competitive position of the producing party. Kruse Technology Partnership has produced or received material in other litigations falling within the above categories with the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" in accordance with Protective Orders entered in those litigations.  Kruse Technology Partnership may produce these prior produced materials in this Action with the same "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" designation.  The categories listed above shall not preclude the parties from agreeing that information not specifically listed above should be maintained as "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."

6.    The Producing Party may designate documents or other tangible Discovery Material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION by placing the following legend or similar legend on the document or thing:

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION; provided, however, that in the event original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process. Where particular Discovery Material contains both CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION and non-confidential information, only the CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION is subject to the limitations on disclosure set forth in this Protective Order. Any copy of such documents or thing, or document or thing created (*e.g.*, any abstract, summary, memorandum or exhibit), containing information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall bear on its face and on those pages actually containing the CONFIDENTIAL INFORMATION the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION". All things containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION that cannot be conveniently labeled shall be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION by letter to the Receiving Party.

7. If, during the course of discovery in this Action, a party hereto, or one of its representatives, is authorized to inspect the other party's facilities, or process of product manufacture, any documents or things generated as a consequence of any such inspection shall automatically be deemed HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION and shall be treated as such unless the Producing Party agrees otherwise.

8.     Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION by placing "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" on the face of any such document and those pages actually containing the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION.

9.     Any party or non-party may designate depositions (including exhibits) as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION by (i) indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION or (ii) by captioned, written notice to the reporter and all counsel of record, given within two weeks after the reporter sends written notice to the deponent or the deponent's counsel that the final transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent.  The following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION:

> Contains CONFIDENTIAL INFORMATION.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL INFORMATION is included.
>
> or

Contains HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION is included.

10.   The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraphs 15 or 16 below, as applicable, for a period of up to two weeks after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in order to give adequate time for any party or non-party to provide written notice to designate depositions (including exhibits) as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, except that portions of transcripts may be filed under seal with the Court and used in accordance with Paragraph 11 in connection with these proceedings at any time.

11.   In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### USE OF PROTECTED INFORMATION

12.   Discovery Material designated CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION, or HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall be used only in preparation for, and in the trial of, this Action or any appeal therefrom, or in alternative dispute resolution proceedings deriving from this Action. Neither CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION, or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION nor any copies and/or extracts thereof nor anything derived therefrom shall be disclosed in any way to any person, attorney, government agency, or expert or consultant for use in any other litigation or contemplated litigation, for use in preparing or prosecuting any patent, patent application, or reexamination (*e.g.*, preparing, drafting, reviewing, filing, or responding to office actions, signing oaths or declarations, providing counsel regarding any of the foregoing activities or prosecution of patent applications, or assisting in any of those activities) or for any other purpose extraneous to this litigation. Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION. Nothing in this Protective Order shall preclude Kruse Technology Partnership from using or disseminating its own CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION. However, nothing in this Paragraph 12 shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

13. All material designated CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall be protected from disclosure as specified herein, unless a party obtains written permission from the Producing Party or an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected in the manner designated. Any motion seeking an Order to modify the level of

protection afforded Discovery Material must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

14. Non-parties may (i) designate deposition transcripts of their witnesses and any documents, things or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party (otherwise, this Protective Order shall not apply to such materials), and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

15. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL INFORMATION may be disclosed by the Receiving Party only to the following persons:

(a) any "outside" attorney of record in this Action (including partners, of counsel, associates, and contract attorneys for the firms of record but not otherwise identified specifically on pleadings);

(b) "in-house" attorneys who are serving as a litigation manager or otherwise have decision-making authority regarding this Action;

(c) support personnel for attorneys listed in sub-paragraphs 15(a) and 15(b) above, including law clerks, paralegals, assistants, secretaries, and clerical staff employed by any attorney identified in sub-paragraphs 15(a) or 15(b) and assisting in connection with this Action;

(d) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs 15(a) or 15(b) to assist in the preparation of this Action for trial, with disclosure only to the

-8-

1  extent necessary to perform such work, subject to Paragraph 12;

2           (e)    any neutral retained by Kruse and one or more defendants in
3  connection with alternative dispute resolution proceedings relating to this Action;

4           (f)    any interpreter, or court or other shorthand reporter or typist
5  translating, recording or transcribing testimony;

6           (g)    service contractors (such as document copy services) and
7  graphic artists;

8           (h)    jury consultants, mock jurors, focus group members and the
9  like;

10          (i)    any person who authored and/or was an identified original
11 recipient of the particular CONFIDENTIAL INFORMATION, or any deponent
12 when the examining attorney has a good faith basis to believe the deponent is
13 aware of the particular CONFIDENTIAL INFORMATION sought to be
14 disclosed;

15          (j)    personnel of the Court and all appropriate courts of appellate
16 jurisdiction;

17          (k)    jurors serving in any trial of this Action; and

18          (l)    any other person agreed to by the Producing Party in writing,
19 subject to Paragraph 12.

20      CONFIDENTIAL INFORMATION or summary thereof shall not be
21 disclosed to persons described in Paragraphs 15(d), (h) or (l) unless and until such
22 person has executed the affidavit in the form attached as Exhibit A.

23      16.    Unless otherwise directed by the Court or authorized in writing by
24 the Producing Party, Discovery Material designated as HIGHLY
25 CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION
26 may be disclosed by the Receiving Party only to the following persons:

27          (a)    any "outside" attorney of record in this Action (including
28 partners, of counsel, associates, contract attorneys for attorneys employed by the

firms of record but not otherwise identified specifically on pleadings);

(b)     administrative support personnel for attorneys listed in sub-paragraph 16(a) above, such as administrative assistants, secretaries, or paralegals, who are assisting attorneys listed in sub-paragraph 16(a) in connection with this Action;

(c)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph 16(a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, subject to Paragraph 12;

(d)     any neutral retained by Kruse and one or more defendants in connection with alternative dispute resolution proceedings relating to this Action;

(e)     any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(f)     service contractors (such as document copy services) and graphic artists;

(g)     jury consultants, mock jurors, focus group members and the like;

(h)     any person who authored or was an identified original recipient of the particular HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION sought to be disclosed;

(i)     personnel of the Court and all appropriate courts of appellate jurisdiction;

(j)     jurors serving in any trial of this Action; and

/ / /

-10-

(k)     any other person agreed to by the Producing Party in writing, subject to Paragraph 12.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION or a summary thereof shall not be disclosed to persons described in paragraphs 16(c), (g) or (k) unless and until such person has executed the affidavit in the form attached as Exhibit A.

17.     Unless otherwise directed by the Court or authorized in writing by Kruse Technology Partnership, Discovery Material designated by Kruse Technology Partnership as CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION may be disclosed by the Receiving Party only to the following persons:

(a)     any "outside" attorney of record in this Action (including partners, of counsel, associates, contract attorneys for attorneys employed by the firms of record but not otherwise identified specifically on pleadings);

(b)     "in-house" attorneys who are serving as a litigation manager or otherwise have decision-making authority regarding this Action;

(c)     administrative support personnel for attorneys listed in sub-paragraph 17(a) above, such as administrative assistants, secretaries, or paralegals, who are assisting attorneys listed in sub-paragraph 17(a) in connection with this Action;

(d)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraphs 17(a) or 17(b) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work, subject to Paragraph 12;

(e)     any neutral retained by Kruse and one or more defendants in connection with alternative dispute resolution proceedings relating to this Action;

(f)     any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(g)     service contractors (such as document copy services) and graphic artists;

(h)     jury consultants, mock jurors, focus group members and the like;

(i)     any person who authored or was an identified original recipient of the particular CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION sought to be disclosed;

(j)     personnel of the Court and all appropriate courts of appellate jurisdiction;

(k)     jurors serving in any trial of this Action; and

(l)     any other person agreed to by the Producing Party in writing, subject to Paragraph 12.

CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or a summary thereof shall not be disclosed to persons described in paragraphs 17(d), (h) or (l) unless and until such person has executed the affidavit in the form attached as Exhibit A.

18.     At least seven (7) days before the disclosure of any CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION of the Producing Party is made to an individual identified above in Paragraph 15(d) or (l), Paragraph 16(c) or (k), or Paragraph 17(d) or (l) an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company

or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5) years.  The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work.  If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed.  Such notice shall be accompanied by an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto.  In the event that said individual enters into any subsequent consulting agreements or arrangements prior to the Termination of this Action (defined in Paragraph 38, below), the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements.

The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION to any individual described in Paragraph 15(d) or (l), Paragraph 16(c) or (k), or Paragraph 17(d) or (l) and state the reasons therefor in writing to the Receiving Party within seven (7) calendar days of receipt of the Notice.  Upon the making of any such objection(s), the Producing Party shall have ten (10) calendar days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL –

-13-

OUTSIDE ATTORNEYS' EYES ONLY INFORMATION.  Any such expedited motion must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this Paragraph 18 and Paragraph 35, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION under the terms of this Protective Order.  Should the Producing Party timely object and file its expedited motion, CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION will not be disclosed pending resolution of the expedited motion.

19.   Notwithstanding the foregoing, if a document or testimony designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION makes reference to the actual or alleged conduct or statements of a person who a party has determined will be a witness, counsel may discuss the conduct or statements with the witness without revealing any other portion of the document or testimony and that discussion shall not constitute disclosure in violation of this Protective Order.

20.   HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION may be disclosed in summary form to decision makers

not otherwise listed under Paragraph 16 only for the purpose of making decisions related to this Action so long as that HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION does not include: (i) proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information (including, without limitation, source code, trade secrets, and other technical documents); (ii) information that has been maintained by the producing party as confidential and discloses, or is sufficient to discern, the producing party's sales volume, sales units, prices, price structures, discounts, costs, profits, margins, technical documents, marketing strategies, competitive business plans, and the identity of customers; and/or (iii) information, which if disclosed, would likely harm the competitive position of the producing party.

21. The recipient of any CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

22. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information consents in writing to such disclosure, or if the Court orders such disclosure.

## EXEMPTED MATERIALS

23. None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY INFORMATION has/had been:

(a)    available to the public at the time of its production hereunder;

(b)    available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)    known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d)    obtained outside this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)    obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)–(f) of this Paragraph 23.

24.    Any party may seek to remove the restrictions set forth herein on the ground that information designated CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION does not fall within the respective definition of "CONFIDENTIAL INFORMATION" set forth in Paragraph 4 above or "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL

– OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" set forth in Paragraph 5 above.  The Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph 24 constitutes CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION Discovery Material as defined in Paragraphs 4 and 5, respectively.  Any motion to remove the designation CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION made pursuant to this Paragraph 24 must comply with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

### INADVERTENT PRODUCTION/DESIGNATION

25.    The inadvertent production of documents subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege (*e.g.*, common interest) will not waive that privilege.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  Upon a request from a party that has inadvertently produced any document that it believes may be subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, each party receiving said document shall return it and all copies to the Producing Party, or confirm that the said document and all copies have been destroyed, within three (3) business days.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and nature of a document may not be used for any purpose other than

preparation of a motion to compel in this Action.   After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

26.   The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION within a reasonable time from when the failure to designate first became evident to the Producing Party.   The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.   Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 26, the Receiving Party shall take reasonable steps to, at the Producing Party's option, ensure that all copies of any such Discovery Materials are either returned promptly to the Producing Party or destroyed, or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 15 through 22 of this Protective Order.   If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 26, to the extent possible, the information and/or data will be expunged and not used.

27.   In the event of disclosure of Discovery Material designated CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY INFORMATION to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

## **OBJECTION TO DESIGNATIONS**

28. Any party can challenge the designation by the Producing Party of any material as CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION. The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c) Failing agreement, the objecting party may bring a noticed motion to the Court pursuant to Local Rule 37 for a ruling that the Discovery Material sought to be protected is not entitled to such designation.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES

ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

29.    No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION and a failure to do so shall not preclude a subsequent challenge to such status.

## **RETURN/DESTRUCTION OF MATERIALS**

30.    Not later than thirty (30) days after the Termination of this Action (defined below), all CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain the pleadings, including exhibits thereto, for archival purposes, subject to the terms and continuing effect of this Protective Order.    The party receiving any CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION shall certify in writing that all other such material, including CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY

INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION disclosed hereunder, has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

31.   This Stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Stipulated Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

32.   The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

33.   If at any time CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof, including a copy of the subpoena, to counsel for every party who has produced such CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION.  If the Producing Party does not move for a protective order within ten (10) days of the date written notice is

given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena, such material in response thereto. Nothing in this Paragraph 33 shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

34.     Counsel for any party to this Stipulated Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION.

35.     All notices required by any paragraphs of this Stipulated Protective Order are to be made by facsimile or email, and U.S. Mail, to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party.  All specified time periods are in calendar days, unless otherwise noted.

36.     Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION produced or exchanged in this Action; provided, however, that in rendering such advice and in

otherwise communicating with his or her client, the attorney shall not disclose the contents of CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION produced by any other party or non-party.

37.   Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any information or documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in the Action or any other proceeding.

38.   Each individual who receives CONFIDENTIAL INFORMATION, CONFIDENTIAL –ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

39.   For purposes of this Protective Order, "Termination of this Action" is defined to mean the completion of the Action against all Defendants through exhaustion of all appeals from orders and final judgments and/or settlement by the parties.

40.   The parties agree that the terms of this Stipulated Protective Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Stipulated Protective Order.

41.   Any headings used in this Stipulated Protective Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

42.   This Stipulated Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all parties,

-23-

collectively shall be deemed to constitute one original.

43.    By signing below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered and/or superseded by the Court, or any reviewing court, in its present form.

44.    Discovery materials produced on CD-ROM shall include Bates stamps/production numbers and any confidentiality designations made pursuant to this Protective Order at the time of production.

45.    The Court, its personnel and jurors serving in any trial of this Action shall not be bound by any of the provisions of this Stipulated Protective Order.

**SO ORDERED.**

Dated:  <u>November 9, 2010</u>          _____

Hon. Robert N. Block
United States Magistrate Judge

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 8, 2010        By:  */s/ David G. Jankowski*
                                     John B. Sganga, Jr.
                                     Karen Vogel Weil
                                     Jon W. Gurka
                                     David G. Jankowski
                                     Marko R. Zoretic

                                Attorneys for Plaintiff
                                KRUSE TECHNOLOGY PARTNERSHIP

Dated:  November 8, 2010        HOWREY LLP

                                By:  */s/ Ben M. Davidson*
                                     *(with permission David G. Jankowski)*
                                     Ben M. Davidson
                                     Heather H. Fan

                                Attorneys for Defendants
                                DAIMLER AG and MERCEDES-BENZ USA, LLC

Dated:  November 8, 2010        BINGHAM McCUTCHEN, LLP

                                By:  */s/ Patrick T. Weston*
                                     *(with permission David G. Jankowski)*
                                     William F. Abrams
                                     Boyd Cloern
                                     Patrick T. Weston
                                     Jeffrey Rosenfeld

                                Attorneys for Defendants
                                DETROIT DIESEL CORPORATION; DAIMLER TRUCKS NORTH AMERICA LLC; and WESTERN STAR TRUCK SALES, INC.

Dated:  November 8, 2010              LOCKE LORD BISSELL & LIDDELL, LLP


                                      By:  */s/ Stephen A. Tuggy*
                                      *(with permission David G. Jankowski)*
                                              John F. Sweeney
                                              Steven F. Meyer
                                              Stephen A. Tuggy

                                      Attorneys for Defendants
                                      VOLKSWAGEN GROUP OF AMERICA, INC.
                                      and VOLKSWAGEN A.G.



Dated:  November 8, 2010              FOLEY & LARDNER, LLP


                                      By:  */s/ Jeanne M. Gills*
                                      *(with permission David G. Jankowski)*
                                              Jeanne M. Gills
                                              Jason J. Keener
                                              Michael S. Kramer

                                      Attorneys for Defendants
                                      CUMMINS, INC.



Dated:  November 8, 2010              DICKSTEIN SHAPIRO, LLP


                                      By:  */s/ Megan S. Woodworth*
                                      *(with permission David G. Jankowski)*
                                              Frank C. Cimino
                                              Megan S. Woodworth
                                              Michael A. Tomasulo

                                      Attorneys for Defendants
                                      CHRYSLER GROUP LLC

-26-

# EXHIBIT A

I certify that I have read and am familiar with the terms of the *Revised* Stipulated Protective Order entered in the case *Kruse Technology Partnership v. Daimler AG et al.*, Civil Action No. SACV 10-1066 JVS (RNBx), a copy of which is attached hereto.  I agree to be bound by the terms of that *Revised* Stipulated Protective Order, and I agree that I will use all CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION and HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION provided to me only in a manner authorized by the *Revised* Stipulated Protective Order, and only to assist counsel in the litigation of this matter.  I agree that I will not disclose or discuss CONFIDENTIAL INFORMATION, CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION and HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION with anyone except as authorized by the terms of the *Revised* Stipulated Protective Order.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this Stipulated Protective Order.

_____          _____

Date                                                    Signature

_____

Printed Name

9973021