John B. Sganga, Jr. (CSB # 116,211)
jsganga@kmob.com
Karen Vogel Weil (CSB # 145,066)
kweil@kmob.com
Jon W. Gurka (CSB # 187,964)
jgurka@kmob.com
David G. Jankowski (CSB # 205,634)
djankowski@kmob.com
Marko R. Zoretic (CSB # 233,952)
mzoretic@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
KRUSE TECHNOLOGY PARTNERSHIP

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRUSE TECHNOLOGY PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER AG; MERCEDES-BENZ USA, LLC; DETROIT DIESEL CORPORATION; WESTERN STAR TRUCK SALES, INC.; VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC., d/b/a AUDI OF AMERICA, INC.; CHRYSLER GROUP LLC; DAIMLER TRUCKS NORTH AMERICA LLC; MERCEDES-BENZ U.S. INTERNATIONAL, INC.; and DAIMLER VANS MANUFACTURING LLC;<br><br>Defendants. | Civil Action No.<br>SACV 10-1066 JVS (RNBx)<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kruse Technology Partnership hereby complains of Defendants Daimler AG; Mercedes-Benz USA, LLC; Detroit Diesel Corporation; Western Star Truck Sales, Inc.; Volkswagen AG; Volkswagen Group of America, Inc., doing business in part as Audi of America, Inc.; Chrysler Group LLC; Daimler Trucks North America LLC; Mercedes-Benz U.S. International, Inc.; and Daimler Vans Manufacturing LLC (collectively, "Defendants"), and alleges as follows:

## I. THE PARTIES

1. Kruse Technology Partnership ("Kruse") is a California limited partnership located at 1121 N. Cosby Way, Suite G, Anaheim, California 92806.

2. Upon information and belief, Daimler AG ("Daimler") is a corporation organized and existing under the laws of the Country of Germany, having a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.

3. Upon information and belief, Mercedes-Benz USA, LLC ("Mercedes Benz") is a limited liability corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3 Mercedes Drive, Montvale, New Jersey 07645.

4. Upon information and belief, Detroit Diesel Corporation ("Detroit Diesel") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 13400 Outer Drive West, Detroit, Michigan 48239.

5. Upon information and belief, Daimler Trucks North America LLC ("Daimler Trucks") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 4747 North Channel Avenue, Portland, Oregon 97217.

6. Upon information and belief, Western Star Truck Sales, Inc. ("Western Star") is a corporation organized and existing under the laws of the

State of Washington, having a principal place of business at 4747 North Channel Avenue, Portland, Oregon 97217.

7. Upon information and belief, Volkswagen AG is a corporation organized and existing under the laws of the Country of Germany, having a principal place of business at Berliner Ring 1, D-38436 Wolfsburg, Germany.

8. Upon information and belief, Volkswagen Group of America, Inc. ("Volkswagen America") is a corporation organized and existing under the laws of the state of New Jersey, having a principal place of business at 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171. Upon information and belief, Volkswagen America does business in part under the name "Audi of America, Inc."

9. Upon information and belief, Mercedes-Benz U.S. International, Inc. ("MBUSI") is a corporation organized and existing under the laws of the State of Alabama, having a principal place of business at 1 Mercedes Drive, Vance, Alabama 35490.

10. Upon information and belief, Daimler Vans Manufacturing LLC ("DVM") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8501 Palmetto Commerce Parkway, Ladson, South Carolina 29456.

11. Upon information and belief, Chrysler Group LLC ("Chrysler") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.

12. Upon information and belief, Defendants do business in this judicial district, and have committed acts of infringement in this District.

## II. JURISDICTION AND VENUE

13. Kruse realleges and reincorporates the allegations set forth in paragraphs 1 through 12.

14. This cause of action arises under the patent laws of the United States, 35 U.S.C. § 100, et seq., more particularly 35 U.S.C. § 271 and § 281.

15. Subject matter jurisdiction in this Court is proper under 28 U.S.C. § 1338(a).

16. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

### III. FIRST CLAIM FOR RELIEF: PATENT INFRINGEMENT
### (U.S. PATENT NO. 5,265,562)

17. Kruse realleges and reincorporates the allegations set forth in paragraphs 1 through 16.

18. On November 30, 1993 the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,265,562 ("the '562 patent") entitled "Internal Combustion Engine With Limited Temperature Cycle" to Douglas C. Kruse.

19. Kruse is the owner of the '562 patent.

20. Upon information and belief, Defendants have in the past and are currently infringing the '562 patent by, without authority, making, using, offering to sell, or selling, within the United States, or importing into the United States, their engines and/or vehicles equipped with engines that practice the patented methods. Defendants' acts constitute direct and indirect infringement of the '562 patent in violation of 35 U.S.C. § 271. None of the allegations in this paragraph apply to engines manufactured by Cummins Inc., its majority-owned subsidiaries or related companies in which it has a substantial interest, or to vehicles equipped with engines manufactured by those entities.

21. Upon information and belief, the infringement by Detroit Diesel and Chrysler has been willful, intentional and deliberate with full knowledge of the '562 patent. This is an exceptional case within the meaning of 35 U.S.C. § 285 with respect to Detroit Diesel and Chrysler.

22. Upon information and belief, Kruse has been and will continue to be injured by Defendants' infringement of the '562 patent, and such acts will continue unless they are enjoined therefrom.

23. Upon information and belief, Defendants have derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Kruse. By reason of the aforesaid infringing acts, Kruse has been damaged, and is entitled to monetary relief in an amount to be proven at trial.

## IV. SECOND CLAIM FOR RELIEF: PATENT INFRINGEMENT (U.S. PATENT NO. 6,058,904)

24. Kruse realleges and reincorporates the allegations set forth in paragraphs 1 through 23.

25. On May 9, 2000 the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,058,904 ("the '904 patent") entitled "Internal Combustion Engine With Limited Temperature Cycle" to Douglas C. Kruse.

26. Kruse is the owner of the '904 patent.

27. Upon information and belief, Defendants have in the past and are currently infringing the '904 patent by, without authority, making, using, offering to sell, or selling, within the United States, or importing into the United States, their engines and/or vehicles equipped with engines that practice the patented methods. Defendants' acts constitute direct and indirect infringement of the '904 patent in violation of 35 U.S.C. § 271. None of the allegations in this paragraph apply to engines manufactured by Cummins Inc., its majority-owned subsidiaries or related companies in which it has a substantial interest, or to vehicles equipped with engines manufactured by those entities.

28. Upon information and belief, the infringement by Detroit Diesel has been willful, intentional and deliberate with full knowledge of the '904

patent. This is an exceptional case within the meaning of 35 U.S.C. § 285 with respect to Detroit Diesel.

29. Upon information and belief, Kruse has been and will continue to be injured by Defendants' infringement of the '904 patent, and such acts will continue unless they are enjoined therefrom.

30. Upon information and belief, Defendants have derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Kruse. By reason of the aforesaid infringing acts, Kruse has been damaged, and is entitled to monetary relief in an amount to be proven at trial.

## V. **THIRD CLAIM FOR RELIEF: PATENT INFRINGEMENT (U.S. PATENT NO. 6,405,704)**

31. Kruse realleges and reincorporates the allegations set forth in paragraphs 1 through 30.

32. On June 18, 2002, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,405,704 ("the '704 patent") entitled "Internal Combustion Engine With Limited Temperature Cycle" to Douglas C. Kruse.

33. Kruse is the owner of the '704 patent.

34. Upon information and belief, Defendants have in the past and are currently infringing the '704 patent by, without authority, making, using, offering to sell, or selling, within the United States, or importing into the United States, their engines and/or vehicles equipped with engines that practice the patented methods. Defendants' acts constitute direct and indirect infringement of the '704 patent in violation of 35 U.S.C. § 271. None of the allegations in this paragraph apply to engines manufactured by Cummins Inc., its majority-owned subsidiaries or related companies in which it has a substantial interest, or to vehicles equipped with engines manufactured by those entities.

35. Upon information and belief, the infringement by Detroit Diesel has been willful, intentional and deliberate with full knowledge of the '704 patent. This is an exceptional case within the meaning of 35 U.S.C. § 285 with respect to Detroit Diesel.

36. Upon information and belief, Kruse has been and will continue to be injured by Defendants' infringement of the '704 patent, and such acts will continue unless they are enjoined therefrom.

37. Upon information and belief, Defendants have derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Kruse. By reason of the aforesaid infringing acts, Kruse has been damaged, and is entitled to monetary relief in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kruse Technology Partnership prays for a judgment in its favor against Defendants Daimler AG; Mercedes-Benz USA, LLC; Detroit Diesel Corporation; Western Star Truck Sales, Inc.; Volkswagen AG; Volkswagen Group of America, Inc., doing business in part as Audi of America, Inc.; Chrysler Group LLC; Daimler Trucks North America LLC; Mercedes-Benz U.S. International, Inc.; and Daimler Vans Manufacturing LLC for the following relief:

A. For an Order adjudging Defendants to have infringed the '562 patent, the '904 patent, and the '704 patent under 35 U.S.C. § 271;

B. For a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with the Defendants, from, directly or indirectly, infringing the '562 patent, the '904 patent, and the '704 patent;

C. For a recovery of Kruse's compensatory damages pursuant to 35 U.S.C. § 284 for Defendants' infringement of the '562 patent, the '904 patent,

and the '704 patent;

D. For an Order adjudging Detroit Diesel's infringement of the '562 patent, the '904 patent, and the '704 patent to be willful, and that this is an exceptional case under 35 U.S.C. § 285 with respect to Detroit Diesel.

E. For an Order adjudging Chryslers' infringement of the '562 patent to be willful, and that this is an exceptional case under 35 U.S.C. § 285 with respect to Chrysler.

F. For a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages the Court deems appropriate, with respect to Detroit Diesel and Chrysler.

G. For an assessment of prejudgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284;

H. For an award to Kruse of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285 with respect to Detroit Diesel and Chrysler; and

I. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 14, 2011      By: /s/
John B. Sganga, Jr.
Karen Vogel Weil
Jon W. Gurka
David G. Jankowski
Marko R. Zoretic

Attorneys for Plaintiff
KRUSE TECHNOLOGY PARTNERSHIP

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kruse Technology Partnership demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 14, 2011    By: /s/
John B. Sganga, Jr.
Karen Vogel Weil
Jon W. Gurka
David G. Jankowski
Marko R. Zoretic

Attorneys for Plaintiff
KRUSE TECHNOLOGY PARTNERSHIP

10632288

# PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.

On February 25, 2011, I served the within **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** on the parties or their counsel shown below as follows:

| | |
|---|---|
| Defendants<br>Detroit Diesel Corporation, Daimler Trucks North America LLC and Western Star Trucks Sales, Inc.<br><br>**VIA EMAIL** | Boyd Cloern<br>Peter Vogel<br>BINGHAM MCCUTCHEN LLP<br>2020 K Street NW<br>Washington, DC 20006-1806<br>Telephone: (202)373-6000<br>Fax: (202)373-6001<br>Boyd.cloern@bingham.com<br>Peter.vogel@bingham.com<br><br>William Abrams<br>Patrick Weston<br>BINGHAM MCCUTCHEN LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303<br>Telephone: (650)849-4400<br>Fax: (650)849-4800<br>William.abrams@bingham.com<br>Patrick.weston@bingham.com<br><br>Jeffrey Rosenfeld<br>BINGHAM MCCUTCHEN LLP<br>1620 26th Street<br>Santa Monica, CA 90404<br>Telephone: (310)907-1000<br>Fax: (310)9072000<br>Jeffrey.rosenfeld@bingham.com |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | Defendant Chrysler Group LLC<br><br>**VIA EMAIL** | Frank Cimino, Jr.<br>Megan Sunkel Woodworth<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006-5403<br>Telephone: (202)420-2200<br>Fax: (202)420-2201<br>ciminof@dicksteinshapiro.com<br>woodworthm@dicksteinshapiro.com<br>baitlonj@dicksteinshapiro.com<br><br>Andrew A. Phillips<br>DICKSTEIN SHAPIRO LLP<br>1633 Broadway<br>New York, NY 10019<br>Telephone: (212) 277-6500<br>Fax: (212) 277-6501<br>phillipsa@dicksteinshapiro.com |
| 11<br>12<br>13<br>14 | Defendant Cummins, Inc.<br><br>**VIA EMAIL** | Paul B. Hunt<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, IN 46204<br>Telephone: (317)231-7453<br>Fax: (317)231-7433<br>phunt@btlaw.com |
| 16<br>17<br>18<br>19<br>20<br>21 | Defendants Mercedes-Benz USA, LLC and Daimler AG<br><br>**VIA EMAIL** | Ben M. Davidson<br>Heather H. Fan<br>Nicholas H. Lee<br>HOWREY LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, CA 90071-2627<br>Telephone: (213)892-1800<br>Fax: (213)892-2300<br>davidsonb@howrey.com<br>fanh@howrey.com<br>leen@howrey.com |

| Defendants Volkswagen Group of America, Inc. and Volkswagen AG<br><br>**VIA EMAIL** | John F. Sweeney<br>Steven F. Meyer<br>LOCKE LORD BISSELL & LIDDELL, LLP<br>3 World Financial Center, 21st Floor<br>New York, NY 10281<br>Telephone: (212)415-8600<br>Fax: (212)303-2754<br>jsweeney@lockelord.com<br>smeyer@lockelord.com<br><br>Stephen A. Tuggy<br>LOCKE LORD BISSELL & LIDDELL, LLP<br>300 S. Grand Avenue, Suite 2600<br>Los Angeles, California 90071<br>Telephone: (213)485-1500<br>Fax: (213)485-1200<br>Stuggy@lockelord.com |
|---|---|

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 25, 2011, at Irvine, California.

*[signature]*

Linda Ponce de Leon

9876549
102010